**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**DAVID BRENT OLSON**,

 Plaintiff,

vs.                                                                                                   **No. CIV. 10-633 JP/KBM**

**STATE OF NEW MEXICO;**
**NEUTRAL CORNER;**
**DOE DEFENDANTS 1-100**,

 Defendants.

**MEMORANDUM OPINION AND ORDER DISMISSING CASE**

Pro Se Plaintiff  David Brent Olson filed a Motion to Proceed *in forma pauperis* ("IFP")
(Doc. 2) on July 2, 2008.  The Court has an obligation "to review the affidavit and screen [his] case
under 28 U.S.C. §§ 1915(a) and (e)."  *Lister v. Dep't Of Treasury*, 408 F.3d 1309, 1311 (10th Cir.
2005).  Screening the case under § 1915(e) includes determining whether the action "is frivolous
or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief
against a defendant who is immune from such relief."  § 1915(e)(2)(B).  "[I]n order to succeed on
a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees,
as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the
issues raised in the action."  *Lister*, 408 F.3d at 1312.  Thus, even if a plaintiff is indigent, if a
complaint that a plaintiff seeks to file without prepaying filing fees fails to state a claim on which
relief may be granted, it must be dismissed.  *See* § 1915(e)(2)(B); *Trujillo v. Williams*, 465 F.3d 1210,
1217 n. 5 (10th Cir. 2006) (noting that dismissal of such complaints is now mandatory).

In screening the complaint, the Court resolves the issue whether the complaint states a claim
on which relief may be granted by applying the same standards used in resolving motions to dismiss
for failure to state a claim brought under FED. R. CIV. P. 12(b)(6).  *See Kay v. Bemis*, 500 F.3d 1214,

1217 (10th Cir. 2007).  This means that the Court must

> look to the specific allegations in the complaint to determine whether they plausibly
> support a legal claim for relief.   Rather than adjudging whether a claim is
> 'improbable,' factual allegations in a complaint must be enough to raise a right to
> relief above the speculative level.  In addition, [the Court] must construe a pro se []
> complaint liberally.

*Id.* at 1218 (internal quotation marks, original brackets, and citations omitted).

## I.  Allegations in the Complaint

Olson, who appears to meet the indigency requirement for proceeding IFP, attempts to

invoke the subject-matter jurisdiction of this Court by bringing suit under 42 U.S.C. § 1983 and 28

U.S.C. § 1343(3).  *See* Complaint at 1-2.  He seeks an order removing his divorce-and-child-custody

and domestic-violence cases from state court to this Court, and requests $89 million dollars in

damages for the alleged violation of his constitutional right to due process.  *See* Complaint at 3,5.

Olson sues the State of New Mexico "as the 2nd Jud. Dist. Ct." and a "private" business called "the

Neutral Corner," which is a "supervised visitation & exchange facility," under § 1983.  Complaint

at 1-2.

The factual details of Olson's Complaint are sparse.  Olson concludes that the district court

violated his right to due process in his ongoing state-court proceedings by "failing to follow

established law and rules."  *Id.* at 2-3.  The only fact Olson alleges regarding the Neutral Corner is

that it "worked in concert" with the state court in some undescribed way.  *See id.* at 2.  Olson states

that he is going to amend his Complaint.  *See id.* at 3.

## II.  Analysis

### A.  The State is immune from suit.

"With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing

suit against a state in federal court."  *Ruiz v. McDonnell*,  299 F.3d 1173, 1180 (10th Cir. 2002).

"Congress did not abrogate states' Eleventh Amendment immunity when it enacted 42 U.S.C. §

1983."  *Id.*  And Olson does not allege in his Complaint that New Mexico has waived its Eleventh-

Amendment immunity.  For these reasons, the Court lacks subject-matter jurisdiction over Olson's

§ 1983 claim against the State and its courts.  *See id.* at 1181.

> **B.    Olson has not alleged sufficient facts to invoke this Court's subject-matter jurisdiction on his claim against Neutral Corner.**

Olson has not alleged sufficient facts to state any kind of cognizable claim against the

Neutral Corner.  He has alleged nothing but innocent conduct – that a business that provides

essential custody-exchange services for divorcing parents acts "in concert with" the state courts.

> The insistence on factual allegations tending to suggest actionable rather than innocent conduct is not mere formalism.  Rather, the Supreme Court emphasized that it serves at least two vital purposes-to ensure that a defendant is placed on notice of his or her alleged misconduct sufficient to prepare an appropriate defense, *Twombly*, 127 S. Ct. at 1964, and to avoid ginning up the costly machinery associated with our civil discovery regime on the basis of "a largely groundless claim," *id.* at 1966.  Specifically, in *Twombly* the Supreme Court was concerned that allowing a claim to proceed that was just as likely predicated on lawful business conduct as on an alleged conspiracy posed a serious risk of penalizing legitimate and even pro-competitive conduct.  *Id.* at 1964.

*Pace v. Swerdlow*, 519 F.3d 1067, 1076-77 (10th Cir. 2008).  Because Olson has failed to allege any

facts to show that the Neutral Corner, while acting under color of state law, violated his rights

secured by the Constitution, he has failed to invoke the subject-matter jurisdiction of this Court.  *See*

*West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983 a plaintiff must allege the

violation of a right secured by the Constitution and laws of the United States, and must show that

the alleged deprivation was committed by a person acting under color of state law."); *Mehdipour*

*v. Matthews*, No. 10-6073, 2010 WL 2748802 at *3 n.3 (10th Cir. July 13, 2010) ("a plaintiff's

failure to properly allege a 'state action' in a § 1983 complaint strips the district court of subject

matter jurisdiction only if jurisdiction is alleged under 28 U.S.C. § 1343(3)"); *Elliott v. Chrysler Fin.*, No. 05-2073, 149 Fed. Appx. 766, 768, 2005 WL 2114181, *1 (10th Cir. Sept. 2, 2005) ("To establish subject matter jurisdiction under § 1343, the plaintiff must show that the defendant acted 'under color of any state law.'").  Olson's motion to proceed IFP must be denied and his Complaint must be dismissed.  *See Lewis v. Rio Grande Sun*, No. 09-2122, 345 Fed. Appx. 357, 358, 2009 WL 2883400, * 1 (10th Cir. Sept. 10, 2009) (affirming denial of motion to proceed IFP because, even though district court found plaintiff to be indigent, she had failed to allege facts demonstrating federal jurisdiction in her complaint), *cert. denied*, 130 S. Ct. 1289, 78 USLW 3438 (Jan 25, 2010).

The Court will not allow Olson an opportunity to amend his Complaint because it would be futile to do so at this juncture.  The Tenth Circuit has noted that

> "*Younger* abstention dictates that federal courts not interfere with state court proceedings by granting equitable relief-such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings-when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999).  A federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings "involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Taylor*, 126 F.3d at 1297. *Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances.

 *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999).  Olson seeks federal interference with his ongoing state child-custody and domestic-violence proceedings.  The state-court proceedings, including  the state appellate process, provide an adequate forum for Olson's constitutional claims.  Most importantly, the proceedings "involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Id.*; *see Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (noting that the Supreme

Court has long held that "[t]he whole subject of the domestic relations of husband and wife, parent

and child, belongs to the laws of the States and not to the laws of the United States," and concluding

"that the domestic relations exception, as articulated by this Court since *Barber*, divests the federal

courts of power to issue divorce, alimony, and child custody decrees"); *Moore v. Sims*, 442 U.S. 415,

435 (1979) (holding that, because "[f]amily relations are a traditional area of state concern," the

Court was "unwilling to conclude that state processes are unequal to the task of accommodating the

various interests and deciding the constitutional questions that may arise in child-welfare litigation,"

and remanding case involving disputed custody of children for dismissal of complaint); *Morrow*

*v. Winslow*, 94 F.3d 1386, 1393 (10th Cir. 1996) (noting that the comity considerations of the

*Younger* abstention doctrine are particularly vital in "child custody proceedings, [which] are an

especially delicate subject of state policy").  Thus, even if Olson were to amend his Complaint to

name a proper defendant and to allege sufficient facts to invoke this Court's subject-matter

jurisdiction under § 1983 for violation of his rights to due process, abstention and dismissal would

be mandatory regarding federal claims for injunctive and declaratory relief; any federal claims for

damages would have to be stayed; and the Court would decline to take supplemental jurisdiction

over any potential state-law claims.  *See Chapman v. Barcus*, No. 09-5085, 2010 WL 1452490, *2

(10th Cir. April 13, 2010) (applying *Younger* and reversing the dismissal on the merits of plaintiff's

damages claims challenging custody orders; remanding "with instructions for the district court to

stay proceedings on [the plaintiff's] damage claims;" and holding "that the district court was

compelled to abstain from exercising its jurisdiction over [the parent's] claims for injunctive or

declaratory relief and those claims should have been dismissed without prejudice"); *Ysais v.*

*Children, Youth & Family Dep't.,* No. 09-2125, 353 Fed. Appx. 159,  161, 2009 WL 4048782, *1

(10th Cir. Nov. 24, 2009) (affirming dismissal of complaint challenging on-going child-custody

orders and seeking injunctive  relief and damages where district court dismissed federal claims

under both *Younger*-abstention doctrine and for failure to state a claim under § 1915(e) and where

court declined to take supplemental jurisdiction over state-law claims), *cert. denied*, __ S.Ct. __,

2010 WL 1528523, 78 U.S.L.W. 3714 (June 7, 2010).

  **IT IS ORDERED** that Olson's Motion for Leave to Proceed *in forma pauperis* (Doc. 2) is

DENIED and the Complaint is DISMISSED without prejudice for lack of subject-matter jurisdiction

under FED. R. CIV. P. 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B).

         _____

         SENIOR UNITED STATES DISTRICT JUDGE